IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDON WOODS, #33974,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-01215-JPG |
| ) | |
| **CITY OF CHESTER, ILLINOIS,** ) | |
| and **OFFICER HAMIL,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Brandon Woods is a detainee at Randolph County Jail located in Chester, Illinois. He filed the instant Complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 1). In it, Plaintiff brings a single claim against the City of Chester and Officer Hamil for the unreasonable use of force incident to his arrest on September 1, 2020. (*Id*. at 5-6). Plaintiff alleges that Officer Hamil discharged a taser into his back and caused him to collapse face first onto a trailer hitch. Plaintiff sustained a broken jaw as a result. He maintains that the officer's use of force was excessive and in violation of the Fourth Amendment. He seeks monetary relief. (*Id*.).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se*

1

complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in the *pro se* action:

> **Count 1:** Fourth Amendment claim against Officer Hamil and City of Chester for using unreasonable force against Plaintiff incident to his arrest on September 1, 2020.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Court 1 does not survive preliminary review under the Federal Tort Claims Act ("FTCA"). The FTCA authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Put differently, the FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. However, Plaintiff did not name the United States as a defendant, and he does not complain of any tortious conduct by a federal official. Therefore, he should not have brought this action pursuant to the FTCA.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff specifically asserts claims against the City of Chester, Illinois, and Officer Hamil for violations of his rights under the Fourth Amendment. He requests money damages. Given this, Plaintiff should have filed this lawsuit under 42 U.S.C. § 1983.

The Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed for failure to state a claim under the FTCA. However, Plaintiff will have an opportunity to re-plead his claim(s) under 42 U.S.C. § 1983 by filing a First Amended Complaint. However, Plaintiff stands warned that he must comply with the instructions and deadline set forth in the below disposition or face dismissal of this action.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that all claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, against Defendants City of Chester, Illinois, and Officer Hamil are **DISMISSED** with prejudice.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **April 5, 2021**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

When preparing his First Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and list the case number for this action (No. 20-cv-01215-JPG) on the first

page.  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is reminded that an amended complaint generally supersedes and replaces prior complaints, rendering them void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 3/8/2021**                                         s/J. Phil Gilbert
                                                            **J. PHIL GILBERT**
                                                            **United States District Judge**