IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDON WOODS, #33974,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-01215-JPG |
| ) | |
| **CITY OF CHESTER, IL,** ) | |
| **and OFFICER HAMIL,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Brandon Woods filed a Complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, against the City of Chester and Officer Hamil for the unreasonable use of force incident to his arrest on September 1, 2020. (Doc. 1, pp. 5-6). He requested money damages against the city and the officer. (*Id.*). The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed on March 8, 2021. (Doc. 12) ("Order Dismissing Complaint").

Plaintiff was granted leave to file a First Amended Complaint on or before April 5, 2021. (*Id.*). He was warned that the action would be dismissed with prejudice, if he failed to file the First Amended Complaint consistent with the deadline and instructions set forth in the Order Dismissing Complaint. (*Id.*) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)). Plaintiff was also warned that he would incur a "strike" under 28 U.S.C. § 1915(g). (*Id.*). Even so, Plaintiff missed the deadline for filing the First Amended Complaint.

The Court will not allow this matter to linger indefinitely.  This action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Order (Doc. 12) to file a First Amended Complaint on or before April 5, 2021.  *See* FED. R. CIV. P. 41(b).  This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Court's Order (Doc. 12) to file a First Amended Complaint.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  This dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of Section 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case.  Accordingly, the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 4/12/2021**

                                                    s/J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **United States District Judge**